

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

Opinion No. O-1749
Re: The refunding of a tax payment
on a particular piece of pro-
perty where the taxes had been
previously paid on that same
piece of property but such first
payment had negligently been not
recorded by the county officials.

We are in receipt of your letter of January
17, 1940, in which you request an opinion of this de-
partment as to whether or not a taxpayer may be re-
funded a tax payment under the facts as stated in your
letter as follows:

"On May 15, 1934, the Western Realty Com-
pany was the owner of Lot 14, Block 2, Johnsons
Subdivision of Fort Worth, Terrant County,
Texas. On that same day it paid the state and
county taxes due on that property for the year
1932, and there was issued to it redemption re-
ceipt No.7803, showing payment of $34.33, which
redemption receipt was forwarded to the office
of the Comptroller of Public Accounts of the
State of Texas. On May 1, 1939, by means con-
veyances, J. E. Foster and Son became the
owners of this property and their attorney
searched the delinquent tax records of Terrant
County with reference to the payment of these
taxes and upon examination of the records found
that the taxes for the year 1932 on that par-
ticular property were delinquent and unpaid.

685

The Fosters were anxious to dispose of the property and paid the taxes again for the year 1932 on this particular tract and there was issued to them redemption receipt No.5436 on May 16, 1939, showing payment of $43.50.

"The payment made by the Western Realty Company on May 16, 1934, for the taxes which were due and owing for the year 1932, was not posted on the books of the tax collector of Tarrant County, due to some negligence on the part of one of his employees, which negligence consisted of failure to properly post the books of the office . . ."

You do not state in your letter whether or not J. E. Foster and Son or their attorney had knowledge of the first payment having been made or of the first redemption receipt having been issued. From the facts stated, however, we are led to believe that they had no such knowledge and this opinion will be written based on such a supposition.

In your letter you refer to an opinion written by Assistant Attorney General J. H. Broadhurst, dated March 25, 1937, addressed to Honorable George H. Sheppard, which opinion held that where a taxpayer makes a payment of taxes on property for a year on which taxes have been previously paid, that such second payment by him is a voluntary payment and therefore the taxpayer cannot recover his second payment. The question asked Mr. Broadhurst in that opinion was in reference to a situation identical with the situation in your case because in that case also the tax collecting officials had negligently failed to post the first payment on the tax records. Mr. Broadhurst relied on the case of City of Houston v. Feizer, 13 S. W. (2d) 266.

This department is unable to concur in the opinion expressed by Mr. Broadhurst as referred to above. There can be no question but the payment in your case was made under a mistake of fact and not under a mistake of law, assuming, of course, that the taxpayer was entirely ignorant of the first payment. The courts of Texas have always recognized the proposition that a payment under a mistake of fact is not a voluntary payment. The Supreme Court of Texas in the case of County of Galveston vs. J. C. Gorham,

49 Tex. 279, stated as follows:

"We are of the opinion that they have not, because in such case it is voluntarily paid, and it, under the circumstances, is not contrary to good conscience for the county to retain it. It was voluntary, because it was without objection paid under a mistake of law, if it was illegal, and there was no mistake of fact in paying it, and no deceit, fraud, or compulsion used in collecting it, or in causing it to be paid, on the part of the county or of any of its officers, that prevented the will of the parties paying it from being freely exercised in doing the act."

The court further said:

"When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back."

"A mistake of fact on the part of one who pays, and deceit or fraud and compulsion on the part of one who receives, under which money is paid, are each and all legally recognized as facts sufficient in and of themselves to pervert the will of the party doing the act, so that it could be said and held, that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act. These are such facts as it is practicable to judicially investigate, and there is no great public policy in forestalling their investigation, when they exist in a degree well defined, and practically capable of exerting a controlling influence upon the acts of the party who has paid the money as it may then be said, against his will, or at least in the absence of its free exercise."

The same distinction was recognized by the Beaumont Court of Civil Appeals in the case of Frost v. Fowlerton Consolidated School District No. 1, 111 S.W. (2d) 754.

On the basis of the above authorities, this department ruled in Opinion No. O-1266 addressed to Honorable T. M. Trimble, First Assistant State Superintendent, to the effect that a payment under a mutual mistake of fact was not a voluntary payment and, therefore, the same could be refunded to the taxpayer. An examination of the case relied on by Mr. Broadhurst, that of City of Houston v. Feizer, Supreme Court of Texas, supra, indicates that that case will not bear out the conclusion derived therefrom by Mr. Broadhurst. The Supreme Court stated as follows:

"The taxes were paid in advance, and seem to have been collect'd from about 1867 until July, 1889, from all butchers, but appellee commenced business in 1884. This is the strongest case against voluntary payment the evidence makes, and is it sufficient to sustain the verdict? That a tax voluntarily paid cannot be recovered, though it had not the semblance of legality, is well settled; and, as said by an elementary writer, 'every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the state should furnish him with legal remedies to recover it back. . . Mistake of fact can scarcely exist in connection with negligence; as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show or do not show as are the public authorities."

The concluding language of the Court in the above quotation recognizes that a payment under a mistake of fact can be returned. However, the Court said that because of negligence in the particular case the payment could not be refunded. The court reasoned that the taxpayer could have informed himself from the records that the payment was illegal and, therefore, he was negligent in not so doing. Our present case is to be distinguished from the Houston case because in our case an examination of the records was made by the taxpayer and the records failed to disclose to him the previous payment. If there was any negligence in this case it was on the part of the county officials and not on the part of the taxpayer.

In discussing the proposition generally, 61 Corpus Juris 980 is of interest:

Hon. Marvin H. Brown, Jr. - Page 5

"Subject to the exceptions hereafter
pointed out, an action at law may be main-
tained to recover taxes which have been
wrongfully and illegally assessed and col-
lected, as where the taxing authorities had
no power to levy or collect the particular
tax or to assess the particular property,
or where the same property had been twice
assessed and taxed; . . ."

In discussing the difference between a mistake
of law or fact, 61 Corpus Juris, 991, states as follows:

"It is a general rule that taxes volun-
tarily paid under a mistake of law, with full
knowledge of the fact, cannot be recovered
back, unless recovery is expressly or implied-
ly authorized by statute; but the rule does
not apply to payment under protest. Taxes
paid under a mistake of fact are recoverable,
particularly if made by the revenue officers
in the form of a statement to a taxpayer or
in taking some official action on the correct-
ness of which the latter has a right to rely,
although it is otherwise where the mistake is
made by the taxpayer himself, and is the re-
sult of his neglect of some legal duty, or
where the facts which would have shown the
mistake were within his own possession or
within his reach."

While the situation which confronted the Supreme
Court of Texas in the City of Houston v. Feizer case placed
the taxpayer in the category of having made the payment by
a mistake due to neglect on his part, such is not the case
in our present situation. Rather, our case here falls
within the situation where taxes were paid under a mistake
of fact which mistake was made by the revenue officers in the
form of a statement to the taxpayer and in the taking of
some official action on the correction of the tax records
on which the taxpayer relied. In our case the taxpayer
examined the records to determine whether or not the
taxes had been paid and the records disclosed that the same
had not been paid but was due and owing and was a lien
against his property.

It is the opinion of this department, therefore,
that the payment by the taxpayer in this case was under a

Hon. Marvin H. Brown, Jr. - Page 6

mistake of fact and that he may recover the amount of taxes paid as county taxes from the county.

However, despite the discussion previously contained in this opinion, the taxpayer is unable to recover the amount paid by him as state taxes. According to the facts set out in your letter the second payment was made on May 1, 1939. There is no doubt but that this money has been paid into the State Treasury. This department previously ruled that where taxes were illegally collected and paid into the State Treasury the same could not be refunded to the taxpayer because of Article 8, Section 6, of our Constitution, which provides that:

> "No money shall be drawn from the Treasury but in pursuance of a specific appropriation made by law."

This opinion was No. 0-1044 addressed to Honorable Geo. H. Shepperd, Comptroller of Public Accounts. A copy of the same is enclosed for your information.

It is the opinion of this department, therefore, that the county should refund to the taxpayer the portion of the second tax payment which was made for county tax purposes but that the taxpayer may not be refunded the payment made by him as state taxes, which payment has been paid into the State Treasury.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

BC:bt    APPROVED FEB 5, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bur3*
CHAIRMAN